**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

HOLLY MARIE WARD,

    *Plaintiff,*

v.

                                    Case No. 25-1080-EFM

FRANK BISIGNANO, COMMISSIONER
OF SOCIAL SECURITY,

    *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Holly Marie Ward seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. Plaintiff argues that the administrative law judge ("ALJ") erred in evaluating Plaintiff's testimony concerning her pain and spinal issues. For the reasons stated below, the Court reverses and remands the Commissioner's judgment.

## I.    Factual and Procedural Background

Plaintiff is a 48-year-old woman who suffers from chronic pain in her low back and spine, along with several associated symptoms.[1] On August 29, 2022, Plaintiff protectively filed an application for SSI under Title XVI of the Social Security Act, alleging disability beginning that same day. Plaintiff's application was denied twice, so she appealed those denials to an ALJ. The ALJ ultimately issued an unfavorable decision to Plaintiff, finding that Plaintiff was not disabled

---

[1] Plaintiff also suffers from headaches, depression, anxiety, and post-traumatic stress disorder. Plaintiff's appeal does not challenge the ALJ's evaluation of her testimony concerning these impairments. Accordingly, the Court will not address these impairments further.

within the meaning of the Social Security Act. The ALJ based her findings on evidence presented at a telephone hearing and Plaintiff's medical records.

At the telephone hearing, the ALJ heard testimony from Plaintiff. Plaintiff testified that she suffers from chronic back pain which led her to undergo back surgery in July 2023, specifically a L3-S1 anterior lumbar interbody fusion with posterior lateral fusion for L4/L5, L5/S1 spondylolisthesis. After this back surgery, Plaintiff testified that her pain improved from "crushing" and "unbearable," but that she still experiences constant pain in her back in the form of dull pressure and an electrical type of pain where the incisions from her surgery are. She also testified that she experiences pain in her back, legs, and feet that radiates up her legs when she walks. Due to this pain, and despite post-operative physical therapy, Plaintiff testified that she is unable to sit, walk, or stand for prolonged periods of time and spends much of her time lying in bed.

After reviewing the testimony from the telephone hearing and Plaintiff's medical records, the ALJ acknowledged that Plaintiff exhibits several severe impairments, including degenerative disc disease in her spine, carpal tunnel syndrome, and bilateral lower extremity edema. Nonetheless, the ALJ determined that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 416.967(a) in that she can lift and/or carry 10 pounds occasionally, and 10 pounds frequently; stand and/or walk 2 hours out of an 8-hour day; and sit for 6 hours out of an 8- hour day. [Plaintiff] may occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She may occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] can never operate foot controls. She can frequently finger and handle bilaterally. [Plaintiff] must avoid concentrated exposure to extreme cold, vibration, and hazards, such as dangerous machinery, and unprotected heights. She can understand, remember, and carry out simple instructions, and make simple work-related decisions. She can sustain concentration, persistence, and pace through

simple tasks. She can tolerate occasional interaction with co-workers, and supervisors, but should have no contact with the general public.

In determining Plaintiff's RFC, the ALJ acknowledged Plaintiff's assertions of disabling symptoms and stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Based on the RFC, the ALJ went on to find Plaintiff not disabled within the meaning of the Social Security Act and issued an unfavorable decision. Plaintiff now appeals the decision for judicial review.

## II.    Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act, which provides that the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive.[2] The Court must therefore determine whether the Commissioner's factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard.[3] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it

---

[2] 42 U.S.C. § 405(g).

[3] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

-3-

is such evidence as a reasonable mind might accept to support the conclusion."[4] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[5]

An individual is disabled under the Act only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[6] This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[7] The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[8] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[9]

The first three steps of the sequential evaluation require the ALJ to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the

---

[4] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[5] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

[6] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306–07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[7] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002); 20 C.F.R. § 416.920 (2005)).

[8] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[9] *Barkley*, 2010 WL 3001753, at *2.

-4-

severity of those impairments meets or equals a designated list of impairments.[10] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments."[11]

After assessing the claimant's RFC, the ALJ continues to step four and five. Step four requires the ALJ to determine whether the claimant can perform her past relevant work.[12] Step five requires the ALJ to determine whether the claimant can generally perform other work that exists in the national economy.[13] The claimant bears the burden in steps one through four to prove a disability that prevents the performance of her past relevant work.[14] The burden then shifts to the Commissioner at step five to show that, despite her alleged impairments, the claimant can perform other work in the national economy.[15]

### III.    Analysis

Plaintiff's appeal lies between steps three and four of the ALJ's evaluation process. Specifically, Plaintiff asserts the ALJ erred in evaluating Plaintiff's assertions of disabling symptoms related to her spine impairments and concluding that they were "not entirely consistent" with the record when determining her RFC. Because Plaintiff's argument concerns the ALJ's

---

[10] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[11] *Barkley*, 2010 WL 3001753, at *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[12] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[13] *Id.*

[14] *Lax*, 489 F.3d at 1084.

[15] *Id.*

evaluation of Plaintiff's testimony, the Court must analyze whether the ALJ conducted a proper credibility determination.[16]

Recognizing that "some claimants exaggerate symptoms for the purposes of obtaining government benefits,"[17] an ALJ's credibility determination is generally treated as binding on review.[18] "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.[19] The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[20] Notwithstanding the deference generally given to an ALJ's credibility determination, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[21]

To that end, regulation requires an ALJ to "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence."[22] SSR 16-3p in particular requires that an ALJ "explain which of an

---

[16] *See Randy Paul Stephen H. v. Dudek*, 2025 WL 1094122, at *3 (D. Kan. Apr. 11, 2025) (reviewing an ALJ's evaluation of a claimant's testimony alleging disabling symptoms under a credibility determination analysis); *see also Brownrigg v. Berryhill*, 688 F. App'x 542, 545–46 (10th Cir. 2017).

[17] *Bolan v. Barnart*, 212 F. Supp. 2d 1248, 1260 (D. Kan. 2002) (citing *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987)).

[18] *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).

[19] *Wilson*, 602 F.3d at 1144 (quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)); *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).

[20] *Oldham v. Astrue*, 509 F.3d 1254, 1257–58 (10th Cir. 2007).

[21] *Wilson*, 602 F.3d at 1144 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988); *Kepler*, 68 F.3d at 391).

[22] 20 C.F.R. § 404.1529(c)(4).

individual's symptoms [the ALJ] found consistent or inconsistent with the evidence in his or her record and how [the ALJ's] evaluation of the individual's symptoms led to [the ALJ's] conclusions."[23]

Turning to the ALJ's evaluation of Plaintiff's reported symptoms, Plaintiff notes the ALJ's finding that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[24] But Plaintiff contends that the ALJ's promised explanation is absent from the record. Instead, Plaintiff argues, the ALJ "relies on conclusory statements and an even-handed summary of the record that did not identify inconsistencies between [Plaintiff]'s statements and the record."[25]

The Court has reviewed the record and concludes that the ALJ failed to explain which of Plaintiff's reported symptoms concerning her spinal issues were inconsistent with the record as required by SSR 16-3p. After concluding that Plaintiff's statements were not entirely consistent with the record, and stating her intention to explain her reasoning, the ALJ merely summarized the evidence related to Plaintiff's chronic lower back pain and the reported results from her back surgery. But citing evidence—however abundant it may be—does not substitute for the required explanation of how the evidence supports the ALJ's conclusion.[26] Thus, the ALJ's evaluation of

---

[23] SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017).

[24] Doc. 7-3 at 25.

[25] Doc. 8 at 10 (citing *Attia D. S. v. O'Malley*, 2024 WL 4381228, at *6 (D. Kan. Oct. 2, 2024)).

[26] *Catherine A. v. Saul*, 2020 WL 996798, at *6 (D. Kan. Mar. 2, 2020) ("Here, although there is abundant evidence cited, the ALJ has not explained how the evidence supports the conclusion reached, leaving merely a conclusion in the guise of findings.").

Plaintiff's testimony as "not entirely consistent" with the record is an insufficient "conclusion in the guise of findings."[27]

The Commissioner, for his part, argues the Court should defer to the ALJ's evaluation "since the ALJ's reasoning can be traced and a reasonable mind could agree with it."[28] The Commissioner then points out possible inconsistencies between the record and Plaintiff's testimony the ALJ could have relied upon, including Plaintiff's medical records that note she reported improvement in her pain after back surgery and wrist splint treatment. But even if the ALJ's reasoning "can be traced" in her decision, it is not the Court's duty to trace the ALJ's reasoning for her. As one court within this District recently said, "[t]hat is not the responsibility of the reader, either Plaintiff, the general public, or the Court. That is the ALJ's duty."[29] The Court's duty is to determine whether the inconsistencies relied upon are supported by the record evidence.[30] Because the ALJ did not properly identify which inconsistencies between the record and Plaintiff's testimony she relied upon, there is nothing for the Court to determine other than that remand is necessary for proper evaluation in accordance with SSR 16-3P.[31]

---

[27] *Wilson*, 602 F.3d at 1144 (citation omitted).

[28] Doc. 12 at 6.

[29] *Randy Paul Stephen H.*, 2025 WL 1094122, at *3.

[30] *Stephanie Jean S. v. Kijakazi*, 2022 WL 204244, at *4 (D. Kan. Jan. 24, 2022); *Lax*, 489 F.3d at 1084.

[31] The Court does not intend to suggest here that the record demonstrates a greater RFC limitation than what the ALJ assessed, or even a contrary result concerning Plaintiff's SSI application. Rather, the Court merely holds that the ALJ did not properly explain her evaluation of Plaintiff's testimony.

**IT IS THEREFORE ORDERED** that the Commissioner's judgment is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order.

**IT IS SO ORDERED.**

This case is closed.

Dated this 30th day of March, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE